## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,                                    Criminal No. 22-51 (DWF/ECW)

        Plaintiff,

v.                                                           **ORDER ADOPTING REPORT**
                                           **AND RECOMMENDATION**

Christian DeJesus,

        Defendant.

## INTRODUCTION

Defendant Christian DeJesus moves to suppress evidence obtained through a search and seizure of his duplex (Doc. No. 38), evidence obtained through a search and seizure of a motor vehicle tracking warrant (Doc. No. 39), and evidence obtained through a search and search of cell phones (Doc. No. 40). In a Report and Recommendation ("R&R"), Magistrate Judge Elizabeth Cowan Wright recommended that DeJesus's motions be denied. (Doc. No. 52.) The United States of America (the "Government") filed a partial objection to the R&R. (Doc. No. 53.) Additionally, DeJesus partially objects to the R&R. (Doc. No. 54.) After an independent review of the record and objections, the Court adopts the Magistrate Judge's R&R.

## DISCUSSION

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b). The relevant factual and procedural background for the above-entitled

matter is clearly and precisely set forth in the Magistrate Judge's R&R and is incorporated by reference.

In the R&R, the Magistrate Judge concluded that the supporting affidavit to the search warrant "contains sufficient supporting information to establish probable cause that DeJesus was engaging in narcotics-related activity" but did not "establish any link between narcotics trafficking and [his] White Bear Avenue Residence." (Doc. No. 52 at 9, 11.) The Magistrate Judge reasoned that "the affidavit does not state that any narcotics, paraphernalia, or proceeds were transported to the White Bear Avenue Residence or otherwise link any trafficking activity to that address." (*Id.* at 12.) Moreover, the Magistrate Judge noted that the affidavit does not contain a statement that based on the officer's training and experience, narcotics would likely be found at the residence. The Magistrate Judge concluded, however, that the *Leon* exception applies, and the officers' reliance on the warrant was reasonable.

The Magistrate Judge further concluded that the supporting affidavit contains sufficient information to support the conclusion that DeJesus was assisting Garcia with narcotics trafficking and "that there was a fair probability that contraband or evidence of drug trafficking or currency laundering would be found by tracking the location of the Range Rover."[1] (*Id.* at 22-23.) Finally, the Magistrate Judge determined that because the search of DeJesus's residence was lawful, evidence obtained from cell phones found at the White Bear Avenue residence was not fruit of an illegal search and seizure.

---

[1]     DeJesus does not object to this finding, and upon review, the Court finds no clear error.

The Government objects to the R&R.  The Government agrees with the Magistrate Judge's ultimate recommendations but argues that the search warrant and supporting affidavit contain sufficient information to connect DeJesus's involvement in narcotics trafficking with his White Bear Avenue residence.  Specifically, the Government asserts that the following information within the affidavit connected the White Bear Avenue residence to the narcotics trafficking:  (1) after DeJesus and Garcia "conducted what appeared to be the exchange of a large duffel bag" in a hotel parking lot, DeJesus then drove to the Larpenteur residence, "where [he] got into a black Range Rover" and drove to his White Bear Avenue residence; (2) DeJesus frequently traveled to the Larpenteur residence "at all hours of the day"; (3) DeJesus used his Range Rover to conduct drug transactions; (4) DeJesus parked the Range Rover at his residence; (5) "those involved in drug trafficking and smuggling of U.S. currency will [often] utilize multiple locations as to avoid detection by law enforcement"; and (6) "[b]ased upon the investigation, the Affiant believed that DeJesus was utilizing his Residence to facilitate drug trafficking." (Doc. No. 53 at 3-4.)  The Government argues that "these averments are equivalent or better than a generalized statement describing an officers' training and experience that someone would store contraband in [their residence]."  (*Id.* at 4.)

DeJesus also objects to the R&R, arguing that the *Leon* good faith exception does not apply because the affidavit does not provide any connection between the narcotics trafficking and the DeJesus's White Bear Avenue residence and thus the officers' reliance on the search warrant was unreasonable.

Whether the affidavit provides sufficient information to establish a nexus between DeJesus's White Bear Avenue residence and narcotics trafficking is a close call. Ultimately, the Court agrees with the Magistrate Judge that the affidavit fails to link DeJesus's residence with the narcotics trafficking.

The Eighth Circuit has found a nexus between a defendant's residence and criminal activity when the defendant "went immediately to [his] residence following a controlled buy." *United States v. El-Alamin*, 574 F.3d 915, 924 (8th Cir. 2009).  Here, however, the affidavit does not state that "DeJesus and Johnson or Garcia departed from or returned to the White Bear Avenue Residence when engaging in the alleged trafficking."  (Doc. No. 52 at 12.)  Aside from general statements, such as the fact that DeJesus drove a Range Rover while he "conduct[ed] drug 'transactions' in alleys" and parked the vehicle at his residence, the affidavit does not provide any specific information linking the drug sales to DeJesus's residence.  While the Government points to a statement in the affidavit indicating that DeJesus returned to his residence following the exchange of a large duffel bag in a hotel parking lot, DeJesus and Garcia returned directly from the exchange to the Larpenteur residence, not DeJesus's residence.  Officers then "observed [DeJesus] getting into a black Range Rover" (Doc. No. 52 at 7) and followed him to his residence; however, there is no indication in this statement that officers saw or otherwise suspected that evidence related to the duffel bag exchange would be found at DeJesus's residence.  The statement is simply not enough to establish a nexus between DeJesus's residence and narcotics trafficking.

4

Finally, the Government argues that "the logical inference that drug traffickers will have contraband or evidence of trafficking at their residence is enough, *standing alone*, to satisfy the 'fair probability' standard for a residence as a particular place to be searched." (Doc. No. 53 at 5 (emphasis in original).) While the Eighth Circuit has recognized this inference in the *Leon* context, the Government has not provided any cases where that inference alone was enough to establish a nexus between a defendant's residence and the criminal activity to support a probable cause finding. Case law suggests that more is required to establish probable cause. *United States v. Keele*, 589 F.3d 940, 944 (8th Cir. 2009) (finding probable cause to search the defendant's house where evidence of drug distribution was recovered at the scene of a car accident); *United States v. Briscoe*, 317 F.3d 906, 908 (8th Cir. 2003) (finding probable cause to search the defendant's residence where evidence of drugs were found in the defendant's garbage); *United States v. Randle*, 39 F.4th 533, 537 (8th Cir. 2022) (concluding that an officer's failure "to recite that in his judgment drug dealers often store contraband in their home" is a "technical legal deficiency."). The Court therefore overrules the Government's objection.

The Court further agrees with the Magistrate Judge that the *Leon* exception applies. As noted above, whether there was a nexus between DeJesus's residence and the narcotics trafficking was a close call. As detailed in the R&R, the affidavit clearly established a connection between DeJesus and narcotics trafficking. (*See* Doc. No. 52 at 9-11.) While DeJesus argues that the affidavit "does not provide evidence of direct knowledge that DeJesus [wa]s in possession of illicit drugs" (Doc. No. 54 at 4), the

totality of the circumstances support an inference that DeJesus was actively involved in drug trafficking.  "[T]he good-faith exception applies even if there is no direct nexus between a defendant's continuous course of drug trafficking and his residence because an officer and an issuing judge may 'logically infer that a drug dealer would store contraband at his residence.'" *United States v. Norey*, 31 F.4th 631, 637 (8th Cir. 2022) (citation omitted).  The Court therefore overrules DeJesus's objection.

**ORDER**

Based upon the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.      The Government's objection (Doc. No. [53]) to Magistrate Judge Elizabeth Cowan Wright's August 4, 2023, Report and Recommendation is **OVERRULED**.

2.      Christian DeJesus's objection (Doc. No. [54]) to Magistrate Judge Elizabeth Cowan Wright's August 4, 2023, Report and Recommendation is **OVERRULED**.

3.      Magistrate Elizabeth Cowan Wright's August 4, 2023, Report and Recommendation (Doc. No. [52]) is **ADOPTED**.

4.      Christian DeJesus's motion to suppress evidence obtained as a result of a search and seizure from duplex (Doc. No. [38]) is **DENIED**.

5.      Christian DeJesus's motion to suppress evidence obtained as a result of a search and seizure from motor vehicle tracking warrant (Doc. No. [39]) is **DENIED**.

6.     Christian DeJesus's motion to suppress evidence obtained as a result of a search and seizure from cell phones (Doc. No. [40]) is **DENIED**.

Dated:  September 28, 2023               s/Donovan W. Frank
                                         DONOVAN W. FRANK
                                         United States District Judge